IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–58–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KEVIN KENNETH GAETHLE, | |
| Defendant. | |

Before the Court are Defendant Kevin Kenneth Gaethle's Second Motion for Return of Property (Doc. 63) and the United States' Motion for Summary Judgment (Doc. 66). For the reasons discussed below, the Court grants the United States' Motion for Summary Judgment and denies Gaethle's Second Motion for Return of Property.

Judgment was entered in this matter on June 19, 2020. (Doc. 44.) Pursuant to a plea agreement, Gaethle forfeited $44,142.56 in currency. (*Id.*; *see also* Doc. 21 at 2.) On May 16, 2022, Gaethle filed his First Motion for Return of Property, seeking the return of "any and all monies and any and all unforfeited property that the Government may still have in their possession." (Doc. 47 at 5.) Gaethle identified certain sums of money—$677.76 taken from his person on January 22, 2019; $900.00 he was "arrested with" on February 7, 2019; $1,900.00 taken from

1

his room during a search; $2,000,00 taken from his vehicle during a traffic stop—and a 2007 Cadillac Escalade. (*Id.* at 4.)

The Court explained that a motion under Fed. R. Crim. P. Rule 41(g) "filed after the conclusion of the criminal case is treated as a civil complaint." (Doc. 48 at 1.) The Court then ordered that the United States could respond to Gaethle's motion, rather than filing an answer or motion to dismiss. (*Id.* at 2.) The Court further directed the United States to file a motion for summary judgment if it had sufficient information at hand. (*Id.*) The Court explained that if the United States failed to file a motion for summary judgment, the Court would set a schedule for discovery and disposition of the case under Fed. R. Civ. P. 16. (*Id.*)

On June 10, 2022, the United States filed a response to Gaethle's motion in which the United States argued that Gaethle's motion was moot and attached evidence supporting its assertion. (Doc. 53.) On August 17, 2022, the United States filed a properly supported motion for summary judgment. (Doc. 55.) The Government showed that some of Gaethle's property had been forfeited at sentencing and some had already been returned. (*See* Doc. 59 at 14.) However, the Government also conceded that property totaling $12,711.00—including $3,900 in cash and a 2007 Cadillac Escalade or equivalent value—should be returned to Gaethle. (*See id.*) Gaethle did not respond to the motion and the Court concluded that no material facts were in dispute. (Doc. 62 at 2.) Accordingly, the

2

Court ordered the United States to return the identified property and dismissed Gaethle's remaining claims, thereby concluding the proceedings on Gaethle's First Motion for Return of Property. (*Id.*)

Gaethle has now filed a second motion seeking the return of additional property in the government's possession—specifically $18,000.00 that was allegedly taken from a home safe and a 2006 Dodge Charger. (Doc. 63 at 5.) The Court again ordered the United States to file a response and motion for summary judgment in lieu of answering or moving to dismiss. (Doc. 64 at 3.) On February 27, 2024, the United States filed both a response and summary judgment motion. (Docs. 65, 66.) The United States argues that both issue and claim preclusion bar Gaethle from reasserting a claim for the return of property under Rule 41(g) and that Gaethle lacks standing to bring the present motion. (Docs. 65 at 2, 67 at 6, 9.) Gaethle did not file a reply in support of his motion or respond to the United States' Motion for Summary Judgment.

Claim preclusion bars Gaethle from relitigating the return of any unforfeited property in this matter. Claim preclusion bars litigation of claims that were raised or could have been raised in a previous lawsuit. *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002). "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*,

3

399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

First, the present motion and Gaethle's previous motion raise identical claims—the return of unforfeited property that the government may still have in its possession. Second, there has been a final judgment on the merits of Gaethle's claim for the return of unforfeited property. In resolving the first motion, the Court entered judgment in favor of Gaethle as to property totaling $12,711.00—consisting of $3,900 in cash and a 2007 Cadillac Escalade or equivalent value—and granted judgment in favor of the United States as to "all other items." (Doc. 62 at 2.) Lastly, the parties are identical between the previous and instant motions. In short, the Court has already resolved Gaethle's claim for the return of unforfeited property in the government's possession under Rule 41(g) and Gaethle is precluded from relitigating this issue.

Gaethle also lacks standing to bring the instant motion. A party lacks standing to bring a claim for the return of property under Rule 41(g) unless the party has a valid claim of ownership or a possessory interest over the property. *Smith v. United States*, 590 F.2d 304, 305 (9th Cir. 1979); *see also United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (In a Rule 41[(g)] proceeding, a claimant must allege a colorable ownership, possessory or security interest in at least a portion of the defendant property to satisfy the standing

requirements." (internal quotation marks omitted)). It is undisputed that the cash totaling $18,864 that Gaethle seeks to recover was located in a safe in another individual's home and belonged to that individual. (Doc. 68 ¶ 15.) It is also undisputed that Gaethle is not a registered owner of the 2006 Dodge Charger. (*Id.*) Accordingly, Gaethle has no valid claim of ownership or any possessory interest in the property identified in his Second Motion for Return of Property.

Accordingly, IT IS ORDERED that the United States' Motion for Summary Judgment (Doc. 66) is GRANTED.

IT IS FURTHER ORDERED that Gaethle's Second Motion for Return of Property (Doc. 63) is DENIED.

IT IS FURTHER ORDERED that Gaethle shall not file any future motions for the return of property in this matter. Any such motions will be stricken without review.

DATED this 1st day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court